**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jolene Pittillo, | No. CV-24-00504-TUC-JCH (LCK) |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Jolene Pittillo brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her disability insurance benefits and supplemental security income. Doc. 1. The Court referred this matter to Magistrate Judge Lynette C. Kimmins for a Report and Recommendation ("R&R") (Doc. 17). Judge Kimmins recommends the Court affirm the Commissioner's decision. Plaintiff objects to the R&R (Doc. 18). For the following reasons, the Court will overrule Plaintiff's Objection, adopt the R&R in full, and affirm the Commissioner's decision.

## I.    Relevant Background

### A. Procedural History

On June 22, 2022, Plaintiff filed an application for disability benefits and supplemental social security income.[1] Plaintiff's claims were denied initially on May 31, 2023, and upon reconsideration on October 23, 2023. AR at 15. Plaintiff filed a written

---

[1] Administrative Record alleging disability beginning on March 1, 2022 ("AR") at 15, 280–318.

1   request for hearing, and Administrative Law Judge ("ALJ") Peter Baum held a telephonic

2   hearing on June 3, 2024. AR at 15. The ALJ determined Plaintiff was not under disability

3   within the meaning of the Social Security Act and denied her application. *See* AR

4   at 15–30. Plaintiff's request for review with the Appeals Council was denied on August

5   15, 2024, making the ALJ's decision the Commissioner's final decision. *Id.* at 1–4.

6   **B. Claim Evaluation**

7   To be found disabled and qualify for disability insurance benefits or supplemental

8   security income, a claimant must be unable "to engage in any substantial gainful activity

9   by reason of any medically determinable physical or mental impairment which can be

10  expected to result in death or which has lasted or can be expected to last for a continuous

11  period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An

12  individual is considered disabled only if her "physical or mental impairment or

13  impairments are of such severity that [she] is not only unable to do [her] previous work but

14  cannot, considering [her] age, education, and work experience, engage in any other kind of

15  substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A),

16  1382c(a)(3)(B).

17  The same five-step sequential evaluation governs eligibility for disability insurance

18  benefits and supplemental security income. See 20 C.F.R. §§ 404.1520, 416.920; *Bowen v.*

19  *Yuckert*, 482 U.S. 137, 140–42 (1987). First, the claimant must show she is not engaged in

20  substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the

21  claimant is engaged in substantial gainful activity, she will not be considered disabled, and

22  her claim will be denied. *Id.* If she is not engaged in substantial gainful activity, the

23  claimant must show at step two that she has a severe physical or mental impairment or

24  combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If she can

25  show severe impairment, step three determines whether the claimant's impairment(s) meet

26  one of several listed impairments that automatically render her disabled. *See* 20 C.F.R.

27  §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments are severe but do

28  not meet one of the listed impairments in step three, the fourth step determines if her

residual functional capacity ("RFC") precludes her from doing her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant has the RFC to do her past relevant work, she is not disabled. *Id.* If the claimant cannot do her past relevant work, the fifth and final step requires the Commissioner to determine if the claimant can make the adjustment to other work. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make such an adjustment, she is not disabled. *Id.*; *see also Bowen*, 482 U.S. at 146 n. 5 (describing shifting burden at step five).

### C. The ALJ's Findings

Plaintiff initial application alleged disability due to chronic PTSD, needing a service dog, vision issues, hearing loss, bipolar 1 with schizophrenia, acupuncture, ADHD, and osteoarthritis. AR at 118.

The ALJ completed the required five-step analysis for these impairments—and others Plaintiff did not initially allege—and determined Plaintiff was not disabled. *See* AR at 12–36. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability, July 29, 2022.[2] AR at 18. At step two, the ALJ found Plaintiff had severe impairments, including left knee derangement and mild osteoarthritis and degenerative disc disease of the cervical and lumbar spine. AR at 18. The ALJ also found Plaintiff had non-severe impairments including suppurative otitis media and tympanic membrane dysfunction, hearing loss, osteoarthritis of the bilateral hips, a history of Bell's palsy, papilledema with vision problems causing an inability to bend, obesity, and mental impairments including PTSD, anxiety, and ADHD. AR at 18. The ALJ explained why he found each impairment to be non-severe. *See* AR at 18–21.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that automatically rendered her disabled. AR at 21. At step four, the ALJ found Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit for one hour at a time then walk and stretch for 2-5 minutes, walk up to a quarter mile, stand for 20 minutes before needing to stretch, and lift about

---

[2] At the hearing, Plaintiff amended her alleged onset date from March 1, 2022, to July 29, 2022. *See* AR at 15.

eight pounds (one gallon)." AR at 23. At the same step, the ALJ found Plaintiff was unable to perform any past relevant work. AR at 28. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, she could perform jobs that exist in significant numbers in the national economy. AR at 28. Accordingly, the ALJ deemed Plaintiff not to be disabled, and rejected her claims. AR at 29–30.

## II.    Standards of Review

### A.    R&R Standard of Review

In reviewing a magistrate judge's R&R, "[a] judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). A court is obligated to review only the specific portions of the report, proposed findings, or recommendations objected to. See 28 U.S.C. § 636(b)(1). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

### B.    ALJ Decision Standard of Review

An ALJ's decision may be reversed only when it is unsupported by substantial evidence or constitutes harmful legal error. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (internal quotation and citation omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1   *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more

2   than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Id.*

### III.    Analysis

4       Plaintiff objects to the R&R's finding that the ALJ's decision was satisfactory

5   "because Ms. Pittillo did not identify limiting effects of headaches not covered by the

6   residual functional capacity." Doc. 18 at 1. Plaintiff argues she did allege limitations due

7   to her headaches,[3] and the ALJ erred because he "did not comment on headaches at all."

8   *Id.*

9       In determining an applicant's RFC, an ALJ must "consider all of [the applicant's]

10  medically determinable impairments of which [he] is aware, including [the] medically

11  determinable impairments that are not 'severe.'" 20 C.F.R. §§ 404.1545(a)(2),

12  416.945(a)(2). The ALJ assesses a claimant's RFC "based on all the relevant evidence in

13  [the] case record." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (alteration in

14  original) (quoting 20 C.F.R. § 416.945(a)(1)). "The ALJ must consider both the medical

15  evidence and 'descriptions and observations of [the claimant's] limitations from [the

16  claimant's] impairment(s), including limitations that result from [the claimant's]

17  symptoms, such as pain . . . ." *Id.* (alterations in original) (citing § 416.945(a)(3)).

18  "However, in interpreting the evidence and developing the record, the ALJ does not need

19  to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006,

20  1012 (9th Cir. 2003) (quoting  *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)).

21  Specifically, "the ALJ is not required to discuss evidence that is neither significant nor

22  probative." *Id.*

23       Plaintiff is correct that the ALJ's opinion did not directly mention headaches. *See*

24  *generally* AR 12–26. The ALJ did, however, acknowledge the impairments that Plaintiff

---

[3] As examples, Plaintiff cites a November 2023 office treatment record where Plaintiff stated she was "having increased headaches and ringing in her ears. Sometimes when bending over will have tunneling vision and lightheaded for 10 seconds then spontaneously resolve[.] describes headaches as pressure and tight and hard to think." AR at 1153. Plaintiff also cites her March 2023 disability report where she stated, "I . . . have papilledema in my left eye which causes migraines, unable to be around loud sounds, limited time on computer, reading, and bright light." AR 386.

and physicians have linked to her headaches. Specifically, the ALJ listed as non-severe impairments Plaintiff's suppurative otitis media and tympanic membrane dysfunction, hearing loss, and "papilledema with vision problems causing an inability to bend." AR at 8. The ALJ stated he found these impairments to be non-severe because they "resolved in less than 12 months with treatment, did not require any significant treatment, and/or did not cause more than minimal limitations of the claimant's ability to perform basic work functions." AR at 18. The ALJ noted "the medical evidence does not show objective clinical findings that the claimant's vision decreases when rising from a bent position. . . . [and] though diagnosed with suspected left eye papilledema, treatment providers noted a March 2023 MRI of the brain was largely normal with no swelling of the optic nerve." AR at 19. The only time Plaintiff directly discussed headaches during her disability application process was in reference to the alleged papilledema. *See* AR at 386. Accordingly, it is significant that the ALJ found the evidence not to support this impairment.

The ALJ also discussed Plaintiff's severe impairment of degenerative disc disease of the cervical spine, to which Plaintiff argues physicians attributed her headaches. *See* Doc. 18 at 2; AR at 1064, 1072. The ALJ accounted for this impairment "by limiting her to the light exertion level and by finding she can sit for one hour at a time then walk and stretch for 2-5 minutes, walk up to a quarter mile, stand for 20 minutes before needing to stretch, and lift about eight pounds." AR at 25. The ALJ reasoned that, while Plaintiff's medically determinable impairments could cause her alleged symptoms, "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR at 25. Regarding her degenerative disc disease, the ALJ referenced normal findings concerning Plaintiff's sensation, grip strength, range of motion, and dexterity in finding "the medical evidence of record does not support the claimant's symptoms and limitations to the extent alleged." AR at 26. In short, the ALJ considered and directly addressed the medical conditions Plaintiff argues relate to her headaches and found them largely unsupported by the medical record.

The ALJ's failure to explicitly discuss headaches was not error because the evidence concerning headaches was not significant or probative. Importantly, Plaintiff did not list headaches as a reason for her disability in her original application, AR at 280–318, and mentioned them for the first time in her March 2023 disability report. *See* AR at 386. Plaintiff never mentioned her headaches when discussing her physical symptoms and limitations during the hearing before the ALJ. *See generally* AR 37–62. In fact, Plaintiff mentioned she had a "tumor in [her] head," but only to explain that it would prevent her from bending over to pick something up. AR 49 ("So with . . . the tumor I have in my head, when I bend over, my bending is very limited."). Plaintiff agreed that if she had the accommodations outlined in the ALJ's decision, she would be able to work a desk job. AR at 49.

Though certain medical records do mention headaches, these mentions are largely insignificant in the context of the entire record. Plaintiff did not report headaches to medical providers until 2023, months after she filed her initial disability application. *See, e.g.*, AR at 706, 710, 717, 720, 736, 876, 881 (denying headaches in 2020, 2021, 2022, and January 2023). Plaintiff reported migraines in March 2023, AR 386, and discussed them with a provider in April 2023, AR 1008, 1009. Though Plaintiff attributed her headaches to a brain tumor, AR 432, she had a normal MRI in April 2023, AR 1011. Plaintiff continued to report headaches throughout 2023 and into 2024. *See, e.g.*, 432, 1156, 1169. These reports, however, were inconsistent. For example, Plaintiff denied persistent headaches in May 2023, AR 1067, and rejected medication for the headaches in June 2023, reporting that they had improved and stating she would "deal with it," 1073. In fact, Plaintiff consistently reported the headaches improved with treatment. *See* AR at 1072; AR at 1156, 1161 (reporting tension headache in November 2023 that "improved significantly" with reduced caffeine intake). A symptom that Plaintiff reported inconsistently, acknowledged improved with treatment, and did not emphasize before the Commissioner is not significant enough that that the ALJ had to address it explicitly. The ALJ's decision is supported by substantial

1  evidence, and the Court will uphold it.[4]

2  **IV. ORDER**

3      Accordingly,

4      **IT IS ORDERED overruling** Plaintiff's Objection to the Report and

5  Recommendation (Doc. 18).

6      **IT IS FURTHER ORDERED adopting in full** the Report and Recommendation

7  (Doc. 17) and **affirming** the decision of the Commissioner.

8      **IT IS FURTHER ORDERED directing** the Clerk of Court to enter judgment

9  accordingly and close this case.

10     Dated this 7th day of November, 2025.

11

12

13                                    _____

14                                    John C. Hinderaker
                                      United States District Judge
15

16

17

18

19

20

21

22

23

24  _____

25  [4] Even if this omission did constitute legal error, it was, at worst, harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R.

26  § 416.920(a) (holding that "the court may not reverse an ALJ's decision on account of an error that is harmless" and "an ALJ's error is harmless where it is 'inconsequential to the

27  ultimate nondisability determination.'" (quotation omitted)). Here, even if the ALJ had discussed Plaintiff's headaches, the record showed they were well controlled with

28  medication and treatment. Plaintiff also acknowledged that she would be able to work a desk job with the limitations the ALJ suggested. Accordingly, the headaches would not have had an impact on the overall disability determination.